**JON M. SANDS**
Federal Public Defender
**W. ERIC RAU, ESQ**.
Assistant Federal Public Defender
State Bar No. 019267
407 W. Congress, Suite 501
Tucson, Arizona 85701
Telephone: (520) 879-7500
email: eric_rau@fd.org
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**      ) | |
|                                                       ) | NO.  CR-05-0351-TUC-RCC (CRP) |
|           **Plaintiff,**                    ) | |
|                                                       ) | **OBJECTION TO DRAFT PRE-** |
| **vs.**                                            ) | **SENTENCE REPORT AND** |
|                                                       ) | **SENTENCING MEMORANDUM** |
|                                                       ) | |
| **Jason Langlois,**                     ) | **(Sentencing Date Set For** |
|                                                       ) |  **December 13, 2005 at 8:40 p.m.)** |
|           **Defendant.**                  ) | |
| _____) | |

Defendant, JASON LANGLOIS, offers this objection for the court's consideration at time of sentencing.  Defendant brings this objection pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker,* __U.S. __, 125 S.Ct. 738 (2005);  and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005).  Specifically, defendant objects to the sentencing recommendation of 70 months and to paragraphs 66 and 67 of the presentence report ("PSR"), insofar that they identify no factors under 18 U.S.C. §3553(a) that justify a sentence outside of the advisory guideline range, and reflect no investigation into or discussion of the listed statutory factors that the Court must

consider prior to imposing sentence.  As will be shown, a multitude of statutory factors justify the imposition of 30 months, a mitigated sentence within the stipulated range. Additionally, defendant has filed mitigation letters for the Court's consideration prior to sentencing in this cause.

Pursuant to Rule 32(i)(1)(D) and (i)(2), Fed. R. Crim. P., *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005)*, United States v. Williams*, 41 F.3d 496 (9th Cir. 1994); *United States v. Navarro*, 979 F.2d 786, 789 (9th Cir. 1992); and *United States v. Howard,* 894 F.2d 1085,1090 (9th Cir. 1990), the defendant moves the Court for an opportunity to introduce testimony or other evidence at sentencing in support of this objection.  This objection is supported by the accompanying *Memorandum of Points and Authorities.*

**RESPECTFULLY SUBMITTED:** December 11, 2005.

JON M. SANDS
Federal Public Defender

_____
W. ERIC RAU, ESQ.
Assistant Federal Public Defender

Copy to:   Judson T. Mihok
Assistant United States Attorney

Guillermo Peña
United States Probation Office

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PROCEDURAL BACKGROUND/HISTORY OF THE CASE:

Defendant Jason Langlois pled guilty on June 23, 2005 to Count Three of the Indictment in this case, which charged him with Possession of Child Pornography, a felony, in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2). The stipulated sentencing range in the plea agreement that Mr. Langlois accepted was 30 to 60 months, conditioned upon Mr. Langlois' having no prior convictions and receiving a lifetime term of supervised release.

The assigned Assistant United States Attorney in this case has explained to defense counsel that the plea agreement's stipulated sentencing range is standard for similarly situated defendants in the Tucson Division of the Federal District of Arizona. The lower end of the range (30 months) reflects the fact that this is approximately the minimum sentence a defendant could receive for this offense in order to wait out the approximately 10-month wait list for sex offender treatment at the FCI Butner facility in North Carolina and still have at least 18 months remaining on his sentence, as FCI Butner requires for inmates to enter the treatment program. The upper end of the range (60 months) reflects the mandatory minimum sentence of five years that a defendant would face if other counts in the Indictment had not been dismissed as part of the plea agreement.

The Government's attorney has also explained to defense counsel that the standard offer can include a 30-month bottom term or a 40-month bottom, depending on the defendant's history, cooperativeness with authorities, and other characteristics. The decision to offer Mr. Langlois a 30-month bottom plea term rather than a 40-month term,

was based in part on factors such as Mr. Langlois' cooperation with authorities, stable and responsible military and employment background, sincere remorse and positive prognosis for rehabilitation.

Defense counsel received a draft copy of the PSR around November 27, 2005, mailed a copy to Mr. Langlois in Phoenix on November 28, and later reviewed the report with Mr. Langlois by telephone. There were no factual objections to the contents of the PSR or to the preliminary guideline calculations for the statute to which Mr. Langlois pled guilty. Defense counsel received the final version of the PSR with the sentencing recommendation while defense counsel was out of the office on December 6, 2005. Defense counsel returned to work on December 8 and reviewed the recommendation with Mr. Langlois by telephone.

The Probation Office has recommended a sentence of 70 months, a mitigated term at the bottom of the advisory guideline range of 70 to 87 months, according to its calculations. This sentencing recommendation is above the stipulated plea range and does not take into account the six other enumerated statutory factors that this Court must consider in sentencing Mr. Langlois.

**II.   LAW:**

**A. The New Sentencing Approach–Thinking Outside the Guidelines.**

In United States v. Booker, 125 S. Ct. 738, 2005 WL 50108 (Jan. 12, 2005), the Court found the mandatory enforcement of the United States sentencing guidelines to be unconstitutional, but it preserved the guideline sentencing scheme by severing those provisions of the Sentencing Reform Act that made the guidelines mandatory.

Consequently, the guidelines are now "effectively advisory," [125 S. Ct. at 757; *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005)], and the standard of appellate review is no longer *de novo* but one of reasonableness.  As modified, sentencing courts are to "consider" Guidelines ranges, *see* 18 U.S.C. §3553(a)(4), but are permitted to tailor sentences in light of other statutory concerns. *See* §3553(a); *Booker,* 125 S.Ct. at 757-69. In other words, sentencing courts, "while not bound to apply the guidelines, must consult those guidelines and take them into account when sentencing."  *See* 18 U.S.C.A. §§ 3553(a)(4), (5) (Supp. 2004).  *Id.* at 767.

Under *Booker's* remedial scheme, courts should follow the same procedures already employed under the guidelines of first resolving all disputes about the application of the guidelines in compliance with Fed. R. Crim. P. 32(i) and then determining the advisory guideline range.  By the terms of 18 U.S.C. § 3553(a), the court must arrive at and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth" here:

   (2) the need for the sentence imposed–

      (A) to reflect the seriousness of the offense, to promote respect for

      the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational

      training, medical care, or other correctional treatment in the most

      effective manner.

18 U.S.C. § 3553(a)(2). In doing so, the court is called upon under the statute to consider these other relevant factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> . . . .
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for–
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Thus, § 3553(a) instructs a sentencing court to consider the established guideline sentencing range, listed as (4), as simply *one* of the many statutory factors relevant in arriving at "reasonable" sentence.

Under the Act as modified, "district courts, while not bound to apply the guidelines, must consult those guidelines and take them into account when sentencing." *Booker,* at 767. As a result, the sentencing guidelines' strict limitations on the factors a

court may consider in sentencing below the guidelines -- e.g., the impermissible grounds for departure set forth in U.S.S.G. § 5K2.0(d) -- no longer constrain the Court's discretion in fashioning any sentence, as long as it falls within the statutory range.  Instead, the District Court must consider all of the statutory factors and purposes, including any that were formerly prohibited under the guidelines, 125 S. Ct. at 764-65.  Courts may impose a non-guideline sentence if such is justified by the § 3553(a) factors. *See United States v. Crosby,* 397 F.3d 103, 112-13 (2d Cir.2005).  A non-guideline sentence need not be supported by factors that would have justified a departure under the old, mandatory regime, *United States v. Ranum,* 353 F.Supp.2d 984, 986-87 (E.D.Wis.2005); and the court need not definitively resolve any departure issues if it has decided to impose a non-guideline sentence. *Crosby,* at 112.

### B. Section 3553 Factors Often Justify a "Variance".

When courts consider all statutory factors relevant to sentencing, it may often be necessary to tailor a sentence that constitutes a "variance" from the advisory guideline range or guideline table "zones".  This can happen when statutory factors contradict guideline prohibitions.  For example, the guidelines' prohibition that the court not consider a multitude of personal characteristics of the defendant (see list of prohibited personal characteristic factors under Sections 5H1.1-5H1.12 of the Guidelines) cannot be squared with the §3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant.  Thus, in cases in which a defendant's history and character are positive, consideration of all of the §3553 factors might call for a sentence outside the guideline range. *United States v. Ranum*, 353 F.Supp.2d 984, 987-88 (E.D.

Wis. 2005).

Second, §3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment or medical care in the most effective manner. This directive may conflict with the guidelines which often mandate a prison term. Additionally, §3553(a)(7) directs courts to consider "the need to provide restitution to any victims of the offense." In many cases, imposing a sentence of no or only a short period of incarceration will best accomplish this goal by avoiding disruption of a defendant's work and allowing the defendant to pay back the victim. Finally, interest in general deterrence (the need to send a general message to the public) may become secondary to the need for *individual* deterrence under §3553(a)(2)(C), which takes into account unique circumstances of an individual defendant. *Ranum, Id*.

Subsequent to the *Booker* decision, many courts are now imposing variant[1] sentences under this new sentencing regime in cases where the guidelines prove too strict or traditional departure grounds are unavailable. For example, in *United States v. Anderson*, 2005 WL 914427 (D.Me.: April 20, 2005), the Court imposed a split Zone C sentence for a defendant that technically fell into a Zone D sentencing range. *See*, also *e.g.*, *United States v. Pimental*, 367 F.Supp.2d 143 (D.Mass. Apr. 21, 2005) (sentence of

---

[1] The adjective "variant" is used in this memo to describe such sentences because courts are now free to fashion sentences outside of the guideline range even where no grounds for traditional "departure" exist if analysis of §3553 factors make the sentence "reasonable". Continuing to call §3553 sentences that fall outside of the guidelines "departures" inappropriately inflates the importance of the formerly mandatory guideline regime, and it is tantamount to incorrectly treating the guidelines as "presumptive" instead of "advisory". The guidelines, after *Booker*, are just *one* of many statutory factors to be considered, and the non-existence of guideline departure grounds does not preclude imposition of any reasonable sentence within the broader statutory range.

probation held to be "sufficient, but not greater than necessary, to comply with purposes" of sentencing factors listed under 18 U.S.C. § 3553(a)); *Simon v. United States*, 361 F.Supp.2d 35 (E.D.N.Y. 2005) (Court declines to apply sentencing guideline's 100-1 ratio in sentencing defendant for distribution of crack cocaine, reasoning that "respect for the law, and just punishment counseled a more lenient sentence than the Guidelines recommended"); *United States v. Jaber*, 362 F.Supp.2d 365, *381 (D.Mass., 2005) (variance justified for one defendant where differences in sentencing calculations "were driven not by differences in the crime, but by the happenstance of the way the government indicted, the jurisdictions of indictment, and who ran to cooperate first".  A sentence of probation and home detention in lieu of guideline's 57-71 month range was appropriate for second defendant whose pre-trial release record was "perfect" despite personal stressors of sick wife and inability to find work, *Id.* at 383); *United States v. Smith*, 359 F.Supp.2d 771, 782 (E.D.Wis. 2005) (Even after partially rejecting the advisory guideline and Commission's recommendations regarding crack cocaine, court believes "the range to be somewhat greater than necessary because it did not take into account defendant's good conduct since he committed this offense over four years ago, his employment history and community involvement, and his importance to his family".  In so holding, the court considers three general categories of §3553 factors: 1) the nature of the offense, 2) the character of the defendant, and 3) the needs of the public); *United States v. Mullins*, 356 F.Supp.2d 617 (W.D.Va. 2005) (Court holds that de-criminalization of weapons offense justifies a sentence below the advisory guideline range); *United States v. Galvez-Barrios*, 355 F.Supp.2d 958, 964 (E.D.Wis. Feb.2, 2005) (Court analyzes

§3553 factors and concludes that defendant's good character and honorable motive for re-entering country justify a sentence below the advisory guideline range in an illegal re-entry case reasoning that "courts need not strictly justify sentences by reference to the guidelines or identify non-heartland factors to justify sentences above or below the guideline range"); *United States v. Myers*, 353 F.Supp.2d 1026, 1028 (S.D. Iowa, 2005) (Guidelines are not presumptive, but only advisory, and should be treated as one factor to be considered in conjunction with other factors that Congress enumerated in section 3553(a); court finds that defendant's actions, character, and history including lack of need of rehabilitation and excellent pre-trial release record combine to justify a 3-month probationary sentence and not the advisory guideline sentence of between 20 and 30 months); *United States v. Ranum*, 353 F.Supp.2d 984, 991 (E.D. Wis. 2005) (variant sentence of one year and a day instead of guidelines' 37-46 month range appropriate after considering §3553 factors); *United States v. Jones*, 352 F.Supp.2d 22, 26 (D.Me. 2005) (analysis of §3553 factors justifies a variance from a "Zone D", 12-18 month sentencing range to a "Zone C" split sentence of time served and home confinement even though traditional guidelines analysis does not warrant downward departure).

Finally, under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation:  in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation". (emphasis added)

**III.  ARGUMENT:**

The recommended sentence of 70 months is outrageous, given the facts of this case. The PSR includes advisory guidelines calculations but utterly ignores the other statutory factors that this Court must consider, and treats the guidelines as if they were mandatory and *Booker* did not exist. The foregoing factors justify a sentence of 30 months, because under any reasoned application of all §3553 sentencing factors, a mitigated sentence within the stipulated range is justified. Given the factual and procedural history of this case, and the personal history and characteristics of this defendant, it is simply the most just and reasonable thing to do.

## IV.  CONCLUSION:

For the above-stated reasons, the court should impose a sentence of 30 months, which is a mitigated term within the stipulated range**.**

**RESPECTFULLY SUBMITTED:** December 11, 2005.

JON M. SANDS
Federal Public Defender

W. ERIC RAU, ESQ.
Assistant Federal Public Defender

Copy to:    Judson T. Mihok
            Assistant United States Attorney

            Guillermo Peña
            United States Probation Office