## *UNITED STATES DISTRICT COURT*
### *DISTRICT OF ARIZONA*

**United States of America**

   **v.**

**JASON LANGLOIS**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

**No. CR 05-00351-001-TUC-RCC(CRP)**

Eric Rau (AFPD)
Attorney for Defendant

USM#: 12485-196

**THE DEFENDANT ENTERED A PLEA OF** guilty on 6/23/2005 to Count 3 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, USC §2252A(a)(5)(B) and (b)(2), Possession of Child Pornography, a Class C Felony offense, as charged in Count 3 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **THIRTY SIX (36) MONTHS** on Count 3, with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a **LIFE** term on Count 3.

**IT IS FURTHER ORDERED** that all remaining counts are dismissed on motion of the United States and **FORFEITURE** of personal property, one Apple Macintosh IMAC G4 desktop computer and one White Home Built Personal Computer.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

   **SPECIAL ASSESSMENT:** $100.00    **FINE:** $0    **RESTITUTION:** $0

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 3 of the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

IT IS ORDERED the bond in this matter shall be exonerated upon the surrender of the defendant. (Personal appearance under third party custody)

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant is placed on supervised release for a **LIFE** term on Count 3.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

<u>For offenses committed on or after September 13, 1994</u>: The defendant shall refrain from any unlawful use of a controlled substance.  Pursuant to 18 USC §3563(a)(5) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

The defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 04-11:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner.  Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.  If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition.  Possession of a firearm will result in mandatory revocation of your term of supervision.  This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first

15 days of supervision and at least two periodic substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall attend a sex offender treatment program as approved by the probation officer. Treatment may include physiological testing such as plethysmography and ABEL Assessment. You shall abide by the policies and procedures of the program. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You shall submit to periodic polygraph testing as approved by the probation officer as a means to determine compliance with the requirements of your therapeutic program. No violation proceedings will arise solely on the results of a polygraph examination or a valid Fifth Amendment refusal to answer a polygraph question.

3. You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

4. You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256. You shall not possess, view, or otherwise use any other material that is sexually stimulating or sexually oriented deemed to be inappropriate by the probation officer. You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

5. You shall register with all state and tribal sex offender agencies in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

6. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

7. You shall not be in the company of or have contact with children under the age of 18 without prior approval of the probation officer. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party. You shall immediately report any contact to the probation officer.

8. You are restricted from engaging in any occupation, business, or profession where you have access to children under the age of 18, without prior approval of the probation officer. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site.

9. You shall maintain an appropriate appearance at all times which includes the wearing of undergarments, and appropriate outer clothing in the home or places where another person may reasonably expect to view you.

10. You may not possess any type of camera or video recording device without probation officer approval.

11. You shall not possess or use a computer with access to any "on-line computer service" at any location (including place of employment) without the prior approval of the probation officer. This includes any Internet Service Provider, bulletin board system or any other public or private network or e-mail system.

12. You shall consent, at the direction of the probation officer, to having installed on your computer(s), at your own expense, any hardware or software systems to monitor your computer use. You shall submit to random computer monitoring as directed by the probation officer, at any time, with or without suspicion you have violated the conditions of supervision.

13. You shall abstain from all use of alcohol or alcoholic beverages.

14. You shall cooperate in the collection of DNA as directed by the probation officer.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons and recommends:
that the defendant be placed in the Butner Federal Medical Facility.

The defendant shall self-surrender for service of sentence at the institution designated by the Bureau of Prisons or United States Marshal by NOON, on TUESDAY, DECEMBER 27, 2005.

Date of Imposition of Sentence: **Tuesday, December 13, 2005**

DATED this 19th day of December, 2005.

_____
Raner C. Collins
United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____        By:_____
United States Marshal                                            Deputy Marshal

CC: USA/CNSL(Eric Rau)/PROB(1)/PTS/FIN/USM(2 certified)/Order Book